## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

STEVE METTS AND MARIE METTS )    **CIVIL ACTION NO.** 2:11-1352-DCN
                              )
           Plaintiffs,        )
                              )    **COMPLAINT**
     vs.                       )
                              )
BUREAU OF COLLECTION       )    **JURY TRIAL DEMAND**
RECOVERY, LLC                 )
                              )
         Defendant.       )
_____)

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this district, where Plaintiffs reside in this State and this district, and where Defendant transacts business in this State and this district.

### PARTIES

4.      Plaintiffs, Steve Metts and Marie Metts ("Plaintiffs"), are natural persons who at all relevant times resided in the State of South Carolina, County of

Charleston, and City of Charleston.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Bureau of Collection Recovery, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.      Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.     Defendant placed no fewer than thirty-eight (38) telephone calls to Plaintiffs' residence and Plaintiff Marie Mett's cellular telephone, including seven (7) such calls on January 15, 2011 alone, with the intent to harass, annoy and abuse Plaintiff.

14.     Furthermore, while placing such calls from a single location, Defendant disguised the calls to appear as if they were placed from four (4) different area codes, a misrepresentation of the origin of the calls intended to deceive Plaintiff for the purpose of communicating with a debt collector, an unfair and unconscionable means utilized in connection with the collection of a debt.  (15 U.S.C. §§ 1692d(5), 1692e(10), 1692f).

15.     Defendant, via its agent and/or employee "Juliette," placed a telephone call to Plaintiffs' residence on January 18, 2011 @ 6:38 P.M., and at such time, Defendant falsely represented that Plaintiff Steve Metts engaged in illegal conduct by stating that he was not the person Defendant was looking for and further implied that there would be "consequences" for Plaintiff. (15 U.S.C. § 1692e(7), 1692e(10)).

16.     Defendant placed no fewer than thirty-one (31) non-emergency calls

3

to Plaintiff Marie Mett's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

17.     Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**STEVE METTS v. BUREAU OF COLLECTION RECOVERY, LLC**

18.     Plaintiffs repeat and re-alleges each and every allegation contained above.

19.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## MARIE METTS v. BUREAU OF COLLECTION RECOVERY, LLC

20.    Plaintiffs repeat and re-alleges each and every allegation contained above.

21.    Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

g)   Adjudging that Defendant violated the FDCPA;

h)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

j)   Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

k)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

l)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## STEVE METTS v. BUREAU OF COLLECTION RECOVERY, LLC

22.    Plaintiffs repeat and re-alleges each and every allegation contained above.

23.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number.

5

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT IV
## MARIE METTS v. BUREAU OF COLLECTION RECOVERY, LLC

24.    Plaintiffs repeat and re-alleges each and every allegation contained above.

25.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiffs' cellular telephone number.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

g) Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

h) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. §

227(b)(3)(B), in the amount of $500.00 per violation;

i)   Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. §

227(b)(3)(C), in the amount of $1,500.00 per violation;

j)   Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. §

227(b)(3)(B);

k)   Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in

this action;

l)   Awarding Plaintiffs any pre-judgment and post-judgment interest as

may be allowed under the law.

## TRIAL BY JURY

26.    Plaintiffs are entitled to and hereby demands a trial by jury.

DATED this 2nd day of June, 2011.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com
**ATTORNEYS FOR PLAINTIFFS**

*Please send correspondence to the address below*

Holly E. Dowd
*Weisberg & Meyers, LLC*
5025 N. Central Ave. #602
Phoenix, AZ 85012

7